**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4551**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARRIE B. HOUSER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CR-00-211)

———————

Submitted:  July 29, 2005          Decided:  September 14, 2005

———————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Robert James Conrad, Jr., C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A federal grand jury indicted Carrie B. Houser on one count of conspiracy to possess with intent to distribute two kilograms or more of cocaine after having been convicted previously of felony possession of opium on or about November 19, 1987, in violation of 21 U.S.C. §§ 846, 841, and 851 (2000), and one count of conspiracy to import into the United States two kilograms or more of cocaine after having been previously convicted of felony possession of opium on or about November 19, 1987, in violation of 21 U.S.C. §§ 963 and 960 (2000). The government filed an information pursuant to 21 U.S.C. § 851, stating that on November 19, 1987, Houser was convicted in the Superior Court of Essex County, New Jersey, of possession of opium. On July 3, 2001, Houser pled guilty without a plea agreement to both counts of the indictment.

The district court sentenced Houser to 120 months in prison. Houser timely appealed. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious grounds for appeal, but arguing that the district court erred in imposing an enhanced sentence pursuant to 21 U.S.C. § 851. Counsel and Houser have filed supplemental briefs addressing the impact of United States v. Booker, 125 S. Ct. 738 (2005), on Houser's sentence. We affirm Houser's convictions and sentence.

Under 21 U.S.C. §§ 841(b)(1) and 960(b)(2)(B), the statutory sentence for possession of more than 500 grams of cocaine is a minimum of five years and a maximum of forty years. If the defendant has a prior felony drug conviction, however, the mandatory minimum sentence is ten years and the statutory maximum sentence is life imprisonment. Id. The indictment, to which Houser pled guilty, charged her with conspiracy to possess with intent to distribute and to import two kilograms or more of cocaine. The district court, finding that Houser was responsible for more than 500 grams but less than two kilograms of cocaine for sentencing purposes, concluded that Houser was subject to the enhancement based on her November 1987 conviction for possession with intent to distribute a controlled substance.

Houser argues that she is not subject to the enhanced penalty for a prior felony conviction because the pretrial notice she received pursuant to 21 U.S.C. § 851 was inadequate to support an enhanced sentence in that it cited a charge that had been dismissed rather than the offense for which she had been convicted. Because Houser failed to challenge the § 851 enhancement in the district court, it is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Section 851(a)(1) states in relevant part:

No person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the

> court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Id. The purpose of § 851 is to allow the defendant an opportunity to contest the validity of the prior convictions used to enhance his sentence. United States v. King, 127 F.3d 483, 489 (6th Cir. 1997); United States v. Gonzalez-Lerma, 71 F.3d 1537, 1541 (10th Cir. 1995); United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995); United States v. Steen, 55 F.3d 1022, 1026 (5th Cir. 1995); United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992). The § 851 notice must contain sufficient information to enable the defendant to identify the prior conviction upon which enhancement is based and make an informed decision regarding whether to challenge the information. United States v. Severino, 316 F.3d 939, 943 (9th Cir.), cert. denied, 540 U.S. 827 (2003); United States v. Layne, 192 F.3d 556, 576 (6th Cir. 1999). Even if there are errors in the § 851 information, "[i]f the defendant, reading the information in context, will have no trouble understanding which prior conviction the prosecutor means to identify, the information then has stat[ed] . . . the previous convictions, and the statutory purpose of providing defendant notice has been satisfied." Severino, 316 F.3d at 943-44 (internal citation and quotation omitted); Steen, 55 F.3d at 1028.

In this case, the § 851 notice identified Houser's prior felony drug offense as a November 19, 1987 conviction for

- 4 -

possession of opium. (R. 12). In fact, Houser's November 19, 1987 conviction was for possession with intent to distribute a controlled substance; the possession charge had been dismissed. Although the government incorrectly identified the conviction as for "possession" instead of for "possession with intent to distribute," the information correctly identified the date of the drug conviction and the court in which the conviction occurred. Under these circumstances, we conclude that the § 851 notice provided Houser with sufficient notice to identify the conviction upon which the government relied in seeking the enhancement.

Houser also argues that her sentence could not be enhanced because the district court failed to comply with the requirements of § 851(b). This provision states:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Id. However, the district court failed to conduct such a colloquy in this case.

In United States v. Ellis, 326 F.3d 593 (4th Cir.), cert. denied, 540 U.S. 907 (2003), the defendant challenged the district court's failure to conduct a § 851(b) colloquy. The government notified the defendant that it was seeking an enhanced sentence

based on prior convictions. Id. at 596. The presentence report ("PSR") again also advised the defendant of the aggravating effect of the prior convictions. The defendant did not object to that portion of the PSR and acknowledged the aggravating effect of the prior convictions at the sentencing hearing. Id. at 599. This court concluded that the district court's failure to comply with the notification requirement of § 851(b) was plain error. Id. Nonetheless, the court held that, because the defendant apparently was on notice of the enhancement and failed to object to it, the error did not affect his substantial rights. Id. (applying plain error analysis).

Similarly, in this case, Houser received § 851 notice which, as stated above, adequately notified her of the prior felony drug offense upon which the government sought to enhance her sentence. The prior felony drug offense was included in the PSR, both in the career offender section and in the discussion of Houser's criminal history, yet Houser made no objection to the validity of this conviction. Finally, the court made clear at sentencing that Houser faced a statutory mandatory minimum sentence and gave Houser an opportunity to speak before pronouncing sentence. Even so, Houser did not object to the use of her prior conviction to enhance her sentence. Because it is clear from the record that Houser would not have challenged her prior conviction even if the district court had conducted the § 851 colloquy, we

- 6 -

find that the court's failure to comply with the § 851(b) requirements did not affect Houser's substantial rights.

In addition, Houser argues that her sentence is invalid under Booker. The Supreme Court held in Booker that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Id. at 756-57. Houser's sentence did not implicate Booker because it was based on facts she admitted in her guilty plea and the fact of a prior conviction. See id. at 756.

As required by Anders, we have examined the entire record in this case and found no error. Accordingly, we affirm Houser's convictions and sentence. This court requires that counsel inform his client in writing of her right to petition the Supreme Court of the United States for further review. If Houser requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

- 7 -

state that a copy thereof was served on Houser.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED