**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5218**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

PAUL BERNARD COLEMAN,

              Defendant - Appellant.

———————————

**No. 10-5313**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

PAUL BERNARD COLEMAN,

              Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (3:09-cr-00207-JRS-1)

———————————

Submitted:  August 26, 2011        Decided:  September 8, 2011

———————————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

---

Craig W. Sampson, Sr., BARNES & DIEHL, PC, Chesterfield, Virginia, for Appellant. Neil H. MacBride, United States Attorney, N. George Metcalf, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Paul Bernard Coleman of two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Coleman to the statutory mandatory minimum term of life imprisonment and he now appeals. Finding no error, we affirm.

Coleman first argues that the Government's 21 U.S.C. § 851 (2006) information, notifying Coleman of its intent to seek enhanced penalties under 21 U.S.C.A. § 841(b) (West 2006 & Supp. 2011), was defective because it cited an incorrect statutory subsection and, therefore, he was not subject to the statutory mandatory minimum term of life imprisonment. Because Coleman failed to raise this argument in the district court, we review this issue for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Coleman must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. Moreover, even if Coleman demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Here, the Government's § 851 notice correctly listed Coleman's prior convictions and included copies of the judgments in those convictions, but erroneously cited 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A), to which Coleman was properly subject. We have held, however, that "[t]he purpose of § 851 is to allow the defendant an opportunity to contest the validity of the prior convictions used to enhance his sentence," and "'[i]f the defendant reading the information in context, will have no trouble understanding which prior conviction the prosecutor means to identify, the information then has stat[ed] . . . the previous convictions, and the statutory purpose of providing defendant notice has been satisfied.'" United States v. Houser, 147 F. App'x 357, 359 (4th Cir. 2005) (unpublished)(quoting United States v. Severino, 316 F.3d 939, 943-44 (9th Cir. 2003)); see also United States v. Gregg, 2011 WL 2420267 (4th Cir. June 17, 2011) (unpublished) ("[T]he statutory purpose of an information filed under § 851 is to enable a defendant to identify, and to have the ability to challenge, the government's intended use of any prior conviction to support a sentencing enhancement.") (citing United States v. Steen, 55 F.3d 1022, 1027 (5th Cir. 1995)). As the § 851 notice filed in this case properly identified Coleman's prior convictions and Coleman does not argue that he could not identify those convictions or that those convictions are

4

invalid, the information complied with the statutory purposes and was sufficient to increase the statutory penalties applicable to Coleman. Therefore, the court did not plainly err in sentencing Coleman to the statutory mandatory minimum term of life imprisonment.

Coleman next argues that the Government committed misconduct when the prosecutor commented during closing arguments on Coleman's refusal to consent to a search of his vehicle and his refusal to speak with arresting officers. Again, as Coleman failed to raise this argument in this district court, we review this issue for plain error. See Olano, 507 U.S. at 731-32. To succeed on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's remarks were improper and that they "prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002).

"In reviewing a claim of prosecutorial misconduct, we review the claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. (internal quotation marks and citation omitted). In making this determination, we consider

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of

5

the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

Id. at 186 (citation omitted). We have thoroughly reviewed the record and conclude that the Government's remarks during closing arguments did not amount to plain error.

Finally, Coleman argues that the statutory mandatory minimum penalties in § 841(b) violate the Equal Protection and Due Process Clauses. However, we have repeatedly rejected this argument in prior cases. See, e.g., United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997) (finding 100:1 ratio of crack cocaine punishments to crack punishments does not violate equal protection); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (same); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995) (same). As one panel may not overrule another panel, see United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006), Coleman's argument must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6