**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4253**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWANE EDWARD CHERRY,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CR-
03-316-DKC)

───────────

Argued:  May 26, 2006              Decided:  August 9, 2006

───────────

Before NIEMEYER and TRAXLER, Circuit Judges, and Joseph R. GOODWIN,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Greenbelt, Maryland, for Appellant.  Barbara Suzanne Skalla,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Greenbelt, Maryland, for Appellee.  **ON BRIEF:** James Wyda,
Federal Public Defender, Denise Barrett, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwane Cherry appeals from a 188-month sentence imposed on him in the District of Maryland following a bench trial where he was found guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of a controlled substance, in violation of 21 U.S.C. § 844(a). Cherry contends the sentencing court committed Sixth Amendment error by relying on inconclusive facts about a disputed juvenile adjudication. Cherry also contends the sentencing court erred in its statutory analysis of the Armed Career Criminal Act (ACCA) and by giving the U.S. Sentencing Guidelines mandatory effect. We find the court erroneously relied on disputed facts to enhance Cherry's sentence and thus committed Sixth Amendment error. We therefore vacate Cherry's sentence and remand for further proceedings.

I.

On December 18, 2003, the district court found Cherry guilty of (1) being a felon in possession of a handgun and (2) possessing a controlled substance. The court subsequently applied an ACCA sentence enhancement pursuant to 18 U.S.C. § 924(e). Pursuant to the ACCA, a defendant convicted under § 922(g) who has three previous convictions for violent felonies or serious drug offenses is considered an Armed Career Criminal and is subject to enhanced penalties.

3

The presentence report stated that Cherry was an Armed Career Criminal because of a 1991 conviction for distribution of cocaine, a 1991 conviction for conspiracy to commit robbery with a deadly weapon, and a 1985 juvenile adjudication for attempted murder and use of a handgun. Cherry disputes the sentencing court's findings related to the 1985 juvenile adjudication.

A juvenile adjudication satisfies the ACCA's "violent felony" standard if it involves "the use or carrying of a firearm, knife, or destructive device" and involves force, a threat of force, or a potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B) (2000). The district court examined the following documents to determine whether Cherry's juvenile adjudication qualifies as a predicate offense: (1) a Maryland juvenile docket sheet stating Cherry was "involved" in attempted murder and use of a handgun; (2) a Maryland adult court indictment charging eleven criminal counts against Cherry and Tyrone A. Davis; (3) a statement of charges filed against Davis; (4) an application for a statement of charges against Davis; (5) and Davis's police report. Relying on those documents, the court found that Cherry was indicted with Davis for an attempted murder involving the use of a handgun and that this incident served as the basis of the juvenile adjudication. The court accordingly held that Cherry was an Armed Career Criminal under § 924(e), which enhanced Cherry's guideline

4

range from 92-115 months to 188-235 months. The court imposed a sentence of 188 months.

## II.

We resolve Cherry's appeal based on his Sixth Amendment claim. In the court below, Cherry challenged the determination that he was an Armed Career Criminal. He failed, however, to raise a Sixth Amendment challenge. Cherry's claim that the district court violated his Sixth Amendment rights is therefore reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Cherry must prove that: (1) error occurred, (2) it was plain, and (3) it affected his substantial rights. Id. at 547-48. If Cherry establishes these requirements, the court's "discretion is appropriately exercised only [if] failure to do so would result in a miscarriage of justice . . . ." Id. at 555.

## III.

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court considered whether a sentencing court could consider facts beyond statutory definitions when applying a § 924 enhancement after a jury trial. The Court explained that a sentencing court must use a categorical approach when applying § 924 enhancements, which "generally requires the trial court to look only to the fact

5

of conviction and the statutory definition of the prior offense." Id. at 602. The Court held, however, that sentencing courts may look beyond the statutory definition in a narrow range of cases and consider charging papers and jury instructions. Id.

In Shepard v. United States, 544 U.S. 13 (2005), the Court examined the breadth of Taylor. Similar to Cherry, Shepard pleaded guilty to being a felon in possession of a handgun under § 922(g)(1), and the government sought to enhance his sentence under the ACCA. The government asserted that Shepard's prior generic burglary conviction constituted a "violent felony" and thus served as a predicate offense. Id. at 17-18. The government urged the district court to consider police reports and complaint applications as proof of the character of Shepard's burglary conviction. Id. at 17.

The Court explained that its "pragmatic conclusion" in Taylor about the manner in which sentencing courts should undertake evidentiary inquiries into the factual basis of prior convictions did not preclude the use of "adequate judicial record evidence." Id. at 20. The Court cautioned, however, that inquiries beyond statutes and charging documents "must be narrowly restricted to implement the object of the statute and avoid evidentiary disputes." Id. at 24 n.4 (citing Taylor, 495 U.S. at 602). The Court held that sentencing courts are "generally limited to examining the statutory definition, charging document, written plea

6

agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 16. Because police reports and complaint applications generally are not "conclusive records made or used in adjudicating guilt," the Court found that sentencing courts cannot rely on those documents to enhance sentences.[1] Id. at 16.

In United States v. Washington, 404 F.3d 834, 840 (4th Cir. 2005), we interpreted Taylor and Shepard as holding that a sentencing court considering a sentence enhancement "cannot consider items from the record of a prior conviction that were not conclusively validated in the earlier proceeding."

We have not previously examined whether docket sheets in general rise to the level of documents "conclusively validated" in prior proceedings. Other circuits, however, have examined the issue and found that clerical documents such as docket sheets are unreliable and cannot be used for sentence enhancement. See United States v. Gutierrez-Ramirez, 405 F.3d 352, 357–58 (5th Cir. 2005) (finding a sentencing court could not rely on an abstract of judgment—a clerical document containing a summary of court proceedings—to determine whether a prior conviction qualifies to enhance a sentence); United States v. Navidad-Marcos, 367 F.3d 903,

---

[1]We found in United States v. Simms, 441 F.3d 313, 317 (4th Cir. 2006), however, that a sentencing court can properly consider an application for a statement of charges that has been "expressly incorporated" into a charging document.

908-09 (9th Cir. 2004) (holding an abstract of judgment did not "unequivocally" establish that a defendant entered a guilty plea); see also United States. v. Price, 409 F.3d 436, 445 (D.C. Cir. 2005) (explaining that a docket sheet is not a reliable source of information). Nonetheless, this case does not require us to address the reliability of docket sheets in general because even if Cherry's docket sheet is considered, there is insufficient evidence to establish that he committed a "violent felony" as defined in the ACCA.

IV.

We first examine the docket sheet itself. The only reference to the contested charges on the docket sheet is found in a March 8, 1985 entry stating "Find – Involved Ct. 1 – Attempted Murder; Count 13 Use of handgun." J.A. 332. This entry fails to explain how, or if, the attempted murder and use of a handgun charges are related. Absent a link between the disputed charges on the face of the docket sheet, we cannot infer that Cherry used a handgun while attempting murder.

The government contends the entries on the docket sheet should be considered with documents from the adult criminal proceedings brought against Cherry and Davis. The government argues that these documents sufficiently link the disputed charges when considered together.

8

As Cherry argues, however, the adult court documents and the juvenile docket sheet are inconsistent and cannot be linked. The most obvious inconsistency is that the adult court indictment contains only 11 counts, while the juvenile docket sheet lists Cherry's "use of a handgun" charge as Count 13. Further, the juvenile docket sheet does not indicate that Cherry's juvenile proceeding was transferred from an adult criminal court or, for that matter, that it was in any way related to the charges alleged in the adult court indictment.

Based on the scant record of the juvenile proceedings provided by the government and the inconsistencies between the docket sheet and the adult court documents, the district court could not properly find that the events alleged in the adult court proceedings were the same as the events that resulted in the disputed juvenile charges. Accordingly, we find the district court improperly relied on disputed facts, and therefore, committed Sixth Amendment error.

V.

We also find the imposition of Cherry's sentence was plain error under United States v. Booker, 543 U.S. 220 (2005), and Shepard. To demonstrate plain error, Cherry must establish that: (1) error occurred, (2) it was plain, and (3) it affected his substantial rights. Hughes, 401 F.3d at 547-49. If Cherry

establishes these requirements, the court's "discretion is appropriately exercised only [if] failure to do so would result in miscarriage of justice . . . ." Id. at 555. We find that error occurred. In addition, even though Booker and Shepard were rendered after Cherry was sentenced, the error was "plain" at the time of our review. See Johnson v. United States, 520 U.S. 461, 468 (1997) (finding error plain "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal"). We also find that the error affected Cherry's substantial rights because the court imposed a longer sentence than the term of imprisonment the district court should have imposed had the court considered only the facts found beyond a reasonable doubt. See Hughes, 401 F.3d at 548. Finally, our discretion is exercised appropriately because our failure to do so would result in a miscarriage of justice. Accordingly, we find the sentencing court's imposition of an enhanced sentence was plain error.

We vacate Cherry's sentence and remand for resentencing.[2]

VACATED AND REMANDED

---

[2]Because there is Sixth Amendment error that needs to be corrected on remand, it is unnecessary to address Cherry's remaining claims that he was sentenced improperly under the mandatory guideline scheme and that the district court erred in its ACCA statutory analysis. See Hughes, 401 F.3d at 556 n.15. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court first should determine the appropriate sentencing range under the Guidelines, including whether Cherry is an Armed Career Criminal, making all appropriate factual findings. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.