**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4236**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DWANE EDWARD CHERRY,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge. (8:03-cr-00316-DKC-1)

———————

Submitted:  February 5, 2009        Decided:  March 5, 2009

———————

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. James Roos, III, THE LAW OFFICES OF J. JAMES ROOS, III, Towson, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, Dwane Edward Cherry was found guilty of possession of a firearm by a convicted felon and possession of a controlled substance. The district court found that Cherry was an Armed Career Criminal and that his Guidelines range was 188-235 months. The court sentenced him to 188 months in prison. On appeal, Cherry alleged that the district court's determination that a juvenile conviction for attempted murder and use of a handgun was a "violent felony" for Armed Career Criminal purposes violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005). We agreed and remanded for resentencing. United States v. Cherry, No. 04-4253 (4th Cir. Aug. 9, 2006) (unpublished).

At resentencing, the parties agreed that Cherry was not an Armed Career Criminal and that the appropriate Guidelines range was 92-115 months in prison. After the district court heard extensive evidence on Cherry's mental condition, Cherry argued for a sentence of time served. The Government asserted that Cherry should be sentenced within the amended Guidelines range. The district court found that Cherry suffered from a mental illness, but that his condition did not significantly impair his ability to reason and control his behavior. Thus, the court found that Cherry did not qualify for a diminished capacity or mental condition departure. The court also found

2

that the Bureau of Prisons was capable of providing Cherry with adequate treatment and counseling and that his work and personal history were not extraordinary enough to warrant a departure. Nonetheless, the court found that a variance sentence was appropriate, based on Cherry's mental condition and his acceptance of responsibility during the course of his imprisonment. Thus, the court sentenced Cherry to 72 months in prison, of which Cherry had 18 months remaining to serve.

On appeal, Cherry's attorney has filed an Anders[*] brief, concluding that there are no meritorious issues for appeal but questioning whether Cherry's sentence was reasonable. Cherry has filed a pro se supplemental brief; however, it is merely a collection of documents dated prior to his amended judgment and does not address his final sentence.

We review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). When sentencing a defendant, a district court must first properly calculate the Guidelines range. Id. at 596. Next, the court should give the parties the opportunity to argue for whatever sentence they deem appropriate. The court is then instructed to consider the 18 U.S.C. § 3553 (2006) factors in light of the

_____

[*] Anders v. California, 386 U.S. 738 (1967).

3

parties' requests with respect to the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Upon review, we must first determine whether the district court committed any significant procedural error, such as improperly calculating the Guideline range, failing to consider the statutory factors, or failing to explain the chosen sentence. Gall, 128 S. Ct. at 597. If we find the sentence is procedurally sound, we next consider the substantive reasonableness of the sentence. Id.

Here, the district court properly calculated the Guidelines range of imprisonment without objection and permitted counsel to speak at length and present several witnesses. The court then gave reasons for rejecting various downward departures. Finally, the court granted a downward variance and gave lengthy reasoning. Because there was no error in the application of the Guidelines, the district court considered the § 3553 factors, and the court supported the sentence imposed with appropriate reasoning, there was no abuse of discretion, and we find that the sentence is reasonable.

Accordingly, we affirm Cherry's amended sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

4

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5