**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4963**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRAIG WEBSTER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-
04-269-PJM)

———————

Submitted:  August 30, 2006          Decided:  September 27, 2006

———————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Martin G. Bahl, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Chan Park, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Craig Webster pled guilty to possession of fifty grams or more of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(A) (West 1999 & Supp. 2006), and was sentenced as a career offender to a term of 262 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2004). Webster seeks to appeal his sentence, arguing that (1) the district court erred in relying on a Maryland application of charges to find that his prior assault conviction was a predicate offense for career offender status, and (2) the sentence violated the Sixth Amendment because the predicate convictions were not charged in the indictment or proved beyond a reasonable doubt. Because Webster waived his right to appeal his sentence, we dismiss the appeal.

In paragraph 12 of his plea agreement, Webster waived his right to appeal "whatever sentence is imposed . . . and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 34 . . . ." Webster reserved the right to appeal a sentence that exceeded the statutory maximum permitted by law.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and

intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Blick, 408 F.3d at 168.

Here, the district court fully complied with the requirements of Rule 11 during the plea colloquy. Webster was forty-six years old and stated that he had graduated from high school. Webster also stated that he understood that he was waiving his right to appeal his sentence if the base offense level was 34 or below.[*]

In his reply brief, Webster contends that the waiver does not bar his appeal because he is claiming that his sentence was imposed in violation of constitutional and statutory law. Webster concedes that his criminal history claim was rejected by this court

---

[*]The district court misstated this provision. The plea agreement provided that Webster would waive his appeal right if the "adjusted base offense level" was 34 or below. In any event, the adjusted base offense level was 32.

in <u>United States v. Simms</u>, 441 F.3d 313 (4th Cir. 2006), <u>petition for cert. filed</u>, July 11, 2006 (No. 06-5271), after his brief was filed. He further concedes that his Sixth Amendment claim was rejected by this court in <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005). Although a defendant's valid waiver of his right to appeal does not prevent "appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," <u>see</u> <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992), <u>Marin</u> is of no assistance to Webster. The statutory range for Webster's offense was ten years to life under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006). The 262-month sentence he received was within the statutory range. Webster did not reserve the right to raise a Sixth Amendment claim relating to his career offender status; moreover, this court had already rejected the Sixth Amendment claim he seeks to raise by the time he was sentenced.

Webster also alleges that the waiver provision was ambiguous because the parties agreed that he was a career offender, but did not agree on his criminal history or criminal history category. Although the agreement is somewhat equivocal about Webster's career offender status, it is not ambiguous about his waiver of appeal right. We conclude that the waiver is enforceable.

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED