**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4164**

─────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

TONY TAYLOR,

            Defendant – Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:06-cr-00279-D-1)

─────────

Submitted:  October 9, 2008      Decided:  November 24, 2008

─────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Richard Croutharmel, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Taylor was convicted by a jury of conspiracy involving more than 50 grams of cocaine base (crack), 21 U.S.C. § 846 (2000) (Count 1); distribution and possession with intent to distribute more than 5 grams of crack, 21 U.S.C. § 841(a)(1) (2000) (Counts 3-7); and distribution and possession with intent to distribute more than 50 grams of crack, 21 U.S.C. § 841(a)(1) (Count 8). He received a mandatory life sentence for Counts 1 and 8 under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008), and a career offender sentence of 360 months imprisonment on Counts 3-7. U.S. Sentencing Guidelines Manual § 4B1.1 (2007).

Taylor appeals his sentence, arguing that the difference between the statutory mandatory minimum penalties for crack offenses and powder cocaine offenses creates an unconstitutional disparity that violates the Equal Protection Clause. He also argues that his life sentence violates the Eighth Amendment and that the district court erred in finding that he had the predicate offenses to qualify for a mandatory life sentence. In addition, Taylor contends that the district court sentenced him more harshly because he exercised his right to trial, and clearly erred in finding that he was a manager or supervisor in the conspiracy. We affirm.

First, Taylor's challenge to the constitutionality of § 841 is without merit. We have repeatedly rejected claims that

the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent that Taylor seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006). Further, the 2007 amendments to the sentencing guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses, and the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), that district courts may consider the crack/powder cocaine sentencing ratio as a possible basis for variance from the guidelines, is unrelated to the constitutionality of the sentencing disparity.

Taylor's claim that a mandatory life sentence under § 841 violates the Eighth Amendment because it precludes individualized sentencing and the consideration of mitigating factors has been rejected by the Supreme Court in Harmelin v. Michigan, 501 U.S. 957, 994-96 (1991), and by this court in United States v. Kratsas, 45 F.3d 63, 68 (4th Cir. 1995). Taylor also argues that his sentence is disproportionate to his

3

crime.  However, applying the proportionality test set out in Solem v. Helm, 463 U.S. 277, 292 (1983), we held in Kratsas that a mandatory life sentence under § 841 does not violate the Eighth Amendment.  45 F.3d at 68.  Therefore, this claim fails.

Taylor maintains that he lacked the two prior felony drug convictions needed to qualify him for the statutory life sentence under § 841(b)(1)(A) because his state sentencing range for his 1996 North Carolina drug offense was 8-10 months.  A person convicted of a violation § 841(a) that involved at least fifty grams of crack, who has two or more prior convictions for a felony drug offense, is subject to a mandatory term of life imprisonment under § 841(b)(1)(A).  A "felony drug offense" is defined in 21 U.S.C.A. § 802(44) (West 2000 & Supp. 2008) as a drug offense "that is punishable by imprisonment for more than one year" under any federal or state law.  Burgess v. United States, 128 S. Ct. 1572, 1575 (2008).

Taylor concedes that this issue is foreclosed by United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that, to determine whether crime is punishable by term exceeding one year, court must consider maximum aggravated sentence that could be imposed on any defendant), because the maximum possible sentence for the offense was 25-30 months.  He suggests that we reconsider our decision in Harp.  Because one panel of this court may not overrule the decision of another

panel, see Simms, 441 F.3d at 318, the district court did not err in finding that Taylor had the necessary predicate offenses to qualify for the mandatory life sentence.

Taylor argues that the district court clearly erred in adopting the recommendation in the presentence report for a three-level role adjustment under USSG § 3B1.1(b). We need not reach the merits of the issue because a ruling in Taylor's favor would not have affected either his mandatory life sentence for Counts 1 and 8 or his career offender sentence for the remaining counts.

Last, Taylor asserts that the district court punished him more harshly than it might have, based on the court's comment during its discussion of the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), that "[t]he court did have a lengthy trial in this matter." We review a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Our review encompasses both procedural soundness and substantive reasonableness. Id. The record in this case does not support Taylor's claim. The court imposed the mandatory life sentence for Counts 1 and 8, and imposed a sentence at the bottom of the career offender guideline range on the remaining counts. Applying a presumption of reasonableness for the guideline sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S.

5

Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guideline sentence), and finding that Taylor has not rebutted the presumption of reasonableness, we conclude that his sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED