**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4093**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEANGELO SYLVESTER RIVERS,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:07-cr-00304-DCN-1)

———————

Submitted:  January 28, 2009        Decided:  February 9, 2009

———————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Mary Gordon Baker, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Kevin F. McDonald, Acting United
States Attorney, John C. Duane, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deangelo Sylvester Rivers pled guilty to possessing a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e) (2006). Rivers was found to be an armed career criminal under 18 U.S.C. § 924(e) (2006) and U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1, and was sentenced to 188 months in prison.

Pursuant to USSG § 4B1.4(a), an individual subject to an enhanced sentence under 18 U.S.C. § 924(e) is an armed career criminal. Section 924(e) provides that persons who violate § 922(g) and have three previous convictions for either a violent felony or a serious drug offense committed on different occasions, will be subject to no less than fifteen years in prison.

Rivers contends that the district court erred when it found by a preponderance of the evidence that he had three violent offenses qualifying as predicate offenses, thereby subjecting him to enhanced penalties as an armed career criminal. Specifically, Rivers argues that one state conviction for burglary in the third degree and one state conviction for failure to stop for a blue light were improperly found to be offenses that fall into the category of "violent" offenses for purposes of § 924(e).

Burglary is specifically listed in the statutory definition of § 924(e)(2)(B)(ii) as a violent felony. In Taylor v. United States, 495 U.S. 575, 598-99 (1990), the Supreme Court held

that "burglary," for purposes of § 924(e), is limited to "generic" burglary, that is, the "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." When the issue is contested, and the district court must determine whether a prior conviction constitutes a violent felony, the court must "look only to the fact of conviction and the statutory definition of the prior offense." Id. at 602. Taylor held that a court normally may look only to the fact of the conviction and the statutory definition, but because some states define burglary broadly, to include entry into boats and cars, the district court in such cases was authorized to examine the indictment or information and the jury instructions to determine whether the defendant was charged with entry of a building and the jury had to so find in order to convict. Shepard v. United States, 544 U.S. 12, 16-17 (2005).

South Carolina law defines a "building" for purposes of the burglary statutes, S.C. §§ 16-11-311 to 16-11-313, as "any structure, vehicle, watercraft, or aircraft." S.C. Code Ann. § 16-11-310(1) (1976 & Supp. 2007). Because South Carolina broadly defines burglary, the district court needed to look to prior charging documents. Here, Rivers argues that a conviction for burglary in the third degree, pursuant to S.C. Code Ann. § 16-11-313, is not "generic burglary" as required by § 924(e), and that the district court improperly looked to the indictment and an

affidavit for the arrest warrant in its determination that the burglary was of an actual building or structure. The district court first looked to the burglary indictment, which stated that Rivers did "willfully, unlawfully, and feloniously enter the building of Lukes Kawasaki, located at 7001 Rivers Avenue, North Charleston, South Carolina."[*] Because the plain language of the indictment clearly sets forth that Rivers burglarized a physical structure with a defined street address, that is, a building, we conclude the district court properly found that Rivers' prior conviction for burglary in the third degree qualified as a predicate offense for purposes of the armed career offender statute.

Next, Rivers argues that the district court improperly found that his prior conviction for failing to stop for a blue light qualifies as a violent felony for § 924(e).

While this appeal was pending, we reexamined our decision in United States v. James, 337 F.3d 387 (4th Cir. 2003), and determined its holding — that a failure to stop for a blue light conviction is a violent felony — does not survive the Supreme Court's decision Begay v. United States, 128 S. Ct. 1581 (2008). See United States v. Roseboro, __ F.3d __, 2009 WL 19136 (4th Cir.

---

[*]While the indictment charged Rivers with burglary in the second degree, in violation of S.C. § 16-11-312, Rivers subsequently pled to third-degree burglary. This does not affect the type of "building" Rivers burglarized.

- 4 -

Jan. 5, 2009). Instead, we concluded that the South Carolina statute was "categorically overbroad" because it allowed conviction for both intentional and unintentional conduct. Id. at *8. Because it was not clear from the record on appeal whether Roseboro's convictions for failure to stop for a blue light involved intentional or unintentional conduct, we found that remand was appropriate "to allow for the district court to consult such additional materials as may be appropriate . . . and determine from those materials whether these convictions involved intentional violations of [the statute]." Id. We directed that: "[I]n the event the consultation of these additional materials establishes Roseboro's convictions involved *intentional* violations of [the statute], the district court would be free to conclude that the convictions are violent felonies under § 924(e)(2)(B)(ii)." Id. We reaffirmed that even post-Begay, "[t]he intentional act of disobeying a law enforcement officer by refusing to stop for his blue light signal, without justification, is inherently an aggressive and violent act, and therefore, a violent felony under the ACCA." Id.

As in Roseboro, it is unclear from the record in this appeal whether Rivers' 2001 conviction for failure to stop for a blue light involved intentional conduct. Accordingly, we vacate the district court's judgment and remand for further proceedings in accordance with this court's directives in Roseboro.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED