**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4435**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DEANGELO SYLVESTER RIVERS,

                    Defendant - Appellant.


Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:07-cr-00304-DCN-1)


Submitted:  December 21, 2010      Decided:  January 20, 2011


Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Mary Gordon Baker, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Robert F. Daley, Jr., Assistant United
States Attorney, Columbia, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deangelo Sylvester Rivers pled guilty, pursuant to a plea agreement, to possession of a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). Finding that Rivers had three prior convictions qualifying him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the court sentenced him at the lowest point of the guidelines range to 188 months of imprisonment.

On appeal, we found the record unclear as to whether Rivers' prior conviction for failure to stop for a blue light qualified as a predicate conviction under the ACCA in light of our decision in United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009). Consequently, we vacated the judgment and remanded for resentencing. United States v. Rivers, 310 F. App'x 618 (4th Cir. 2009) (No. 08-4093). The district court again sentenced Rivers to 188 months of imprisonment.

On appeal of the amended judgment, we determined that under Chambers v. United States, 129 S. Ct. 687 (2009), a violation of South Carolina's blue light statute does not qualify as a violent felony under the ACCA. United States v. Rivers, 595 F.3d 558, 565 (4th Cir. 2010). Thus, we again vacated the judgment and remanded for resentencing. Without the conviction for failure to stop for a blue light, Rivers no

2

longer qualified for enhanced penalties under the ACCA. The district court overruled Rivers' objection to the disparities between sentences for crack and powder cocaine and sentenced Rivers to eighty-four months of imprisonment. Rivers timely appealed.

The sole issue presented on this appeal is whether U.S. Sentencing Guidelines Manual (USSG) § 2D1.1 (2007) violates the Equal Protection Clause by creating an unconstitutional sentencing disparity between sentences for crack cocaine and powder cocaine offenses. The constitutionality of a federal statute is a question of law that is reviewed de novo. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates equal protection. See United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997) (citing cases); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc). To the extent that Rivers seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Rivers acknowledges that this court has rejected the arguments he asserts, but contends that these precedents should be reconsidered in light of the Supreme Court's decision in

Kimbrough v. United States, 552 U.S. 85 (2007). In Kimbrough, however, the Supreme Court allowed, but did not mandate a district court's consideration of sentencing disparities as a basis for imposing a lesser sentence in a crack cocaine case. Kimbrough, 552 U.S. at 109-11. See Spears v. United States, 129 S. Ct. 840 (2009). Accordingly, Kimbrough does not advance Rivers's argument.

We have reviewed the record and find no reversible error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED