**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          }          No. 05-4228

JAMES E. SIMMS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-03-386)

Argued: February 1, 2006

Decided: March 28, 2006

Before WILKINS, Chief Judge, and WILKINSON and
LUTTIG, Circuit Judges.

---

Affirmed by published opinion. Chief Judge Wilkins wrote the opinion, in which Judge Wilkinson and Judge Luttig joined.

---

## COUNSEL

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Jefferson McClure Gray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Peter R. Johnson, Assistant Federal Public Defender, Greenbelt, Maryland, for Appel-

lant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

## OPINION

WILKINS, Chief Judge:

James E. Simms appeals the 15-year mandatory minimum sentence of imprisonment imposed by the district court pursuant to the Armed Career Criminal Act (ACCA) of 1984, *see* 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005). Simms maintains that the district court erred in utilizing an application for charge relating to a prior Maryland conviction to determine that the conviction was for a predicate felony under the ACCA. Finding no error, we affirm.

## I.

Simms pleaded guilty in December 2004 to unlawful possession of a firearm, *see* 18 U.S.C.A. § 922(g)(1) (West 2000). The Government filed a notice of intention to seek a sentencing enhancement pursuant to the ACCA on the basis of three prior Maryland state convictions: one in 1985 for battery, one in 1985 for assault, and one in 1992 for assault with the intent to murder. Simms did not dispute that the 1992 conviction qualified as a predicate felony under § 924(e) but maintained that the other two—both of which resulted from guilty pleas—did not. The district court concluded that although the Maryland crimes of battery and assault did not constitute crimes of violence per se, it was clear from the charging document—including the facts expressly incorporated into the document from the charge application—that Simms' convictions were each for a "violent felony" within the meaning of the ACCA. 18 U.S.C.A. § 924(e). Accordingly, the district court found that Simms qualified as an armed career criminal and sentenced him to a mandatory 15 years imprisonment.

## II.

Simms argues that the district court misapplied the ACCA in concluding, based on facts included in the charge application, that his

1985 Maryland battery conviction was for a predicate felony. We disagree.

The ACCA mandates a 15-year minimum sentence of imprisonment for individuals convicted pursuant to 18 U.S.C.A. § 922(g) who have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). A "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).

It is well settled that in determining whether a conviction constitutes a "violent felony" under § 924(e)(2)(B), a court generally must "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). As a result, an offense that actually may have been committed by the use of physical force against another person nevertheless is not considered to be a violent felony under subsection (e)(2)(B)(i) if the elements of the offense do not include the use, attempted use, or threatened use of physical force. *See id.* at 600-02. Alternatively, an offense that includes as an element the use, attempted use, or threatened use of physical force is a violent felony even if the underlying offense in fact was committed in a relatively nonviolent way. *See United States v. Coleman*, 158 F.3d 199, 201-02 (4th Cir. 1998) (en banc). In such situations, the conduct actually underlying the conviction is irrelevant to the question of whether the conviction is a violent felony because the critical issue is whether the fact finder was

required to find the use, attempted use, or threatened use of physical force as an element of the offense. *See id.* at 202.

On the other hand, it is equally well recognized that in a certain limited number of situations it is appropriate for a court to look beyond the fact of conviction and the elements of the offense in deciding whether an offense constitutes a violent felony. *See Taylor*, 495 U.S. at 602. In those narrow circumstances in which an offense could have been committed either with or without the use, attempted use, or threatened use of physical force, a district court must look past the fact of conviction and the elements of the offense. *See Coleman*, 158 F.3d at 202; *United States v. Cook*, 26 F.3d 507, 509 (4th Cir. 1994).

A Maryland conviction for battery presents the unusual situation in which an offense may be committed in several ways—some of which require the use, attempted use, or threatened use of physical force and some of which do not. *See United States v. Kirksey*, 138 F.3d 120, 125 (4th Cir. 1998) (noting that Maryland battery includes "kissing without consent, touching or tapping, jostling, and throwing water upon another" (internal quotation marks omitted)). Accordingly, we are unable to conclude that a Maryland conviction for battery is per se a violent felony within the meaning of § 924(e)(2)(B). Neverthe-less, because at least one of the ways in which a Maryland battery can be committed involves the use, attempted use, or threatened use of physical force against another, the district court properly looked beyond the fact of conviction and the elements of the offense to deter-mine whether the particular offense of which Simms was convicted was a violent felony. *See id.*

In determining that the 1985 battery conviction was for a violent felony, the district court first considered the portion of the charging papers containing the statement of charges. *See* Md. R. Crim. P. 4-201(b), (c)(3) (explaining that an appropriate charging document in district court includes "a statement of charges filed pursuant to section (b) of Rule 4-211" and an appropriate charging document in circuit court under some circumstances is a "charging document filed in the District Court for an offense within its jurisdiction"); *id.* 4-211(b) (requiring a complaining witness or arresting officer to provide an affidavit containing facts showing probable cause that the defendant

committed the charged offense); *see also Kirksey*, 138 F.3d at 126 (holding that under Maryland law the affidavit required by Rule 4-211(b) setting forth facts demonstrating probable cause is a part of the charging papers). The charging papers charged, as is relevant here, that "UPON THE FACTS CONTAINED IN THE APPLICATION OF . . . Eddie Mabrey," Simms "did batter Eddie Mabrey in Baltimore City, State of Md." J.A. 51. The court thus considered the charge application, in which Mabrey swore under oath that on September 29, 1984, Simms "[p]istol whipped me, shot at me, kick[ed] me, face[,] arm[,] back."[1] *Id.* at 50. It was on that basis that the court determined that the battery conviction was for a violent felony.

It is well established that in determining whether a conviction is for a violent felony the court properly may look to the charging papers. *See Taylor*, 495 U.S. at 602; *Coleman*, 158 F.3d at 202. And, the material relied upon by the district court was proper because, as we have held, it was a part of the charging papers under Maryland law. *See Coleman*, 158 F.3d at 202; *Kirksey*, 138 F.3d at 126.

*Coleman* and *Kirksey* notwithstanding, Simms maintains that the recent decision of the Supreme Court in *Shepard v. United States*, 125 S. Ct. 1254 (2005), requires a contrary result. In *Shepard*, the Court held that a court could not consider police reports and a charge application in determining whether a prior Massachusetts conviction constituted a predicate felony under the ACCA. *See Shepard*, 125 S. Ct. at 1257. The Court reiterated its holding from *Taylor* that in determining the character of a prior conviction resulting from a jury verdict, courts may consider "charging documents filed in the court of conviction, or . . . recorded judicial acts of that court limiting convictions to the . . . category [at issue], as in giving instruction to the jury." *Id.* at 1259. And, the Court held that *Taylor*'s reasoning applied as well in cases in which the prior convictions were obtained by bench trial or guilty plea. *See id.* The Court therefore concluded that in such cases, courts could consider analogous materials, which in pleaded cases would be, in addition to the charging documents, "the statement of factual basis for the charge, shown by a transcript of plea colloquy

[1] Both the Statement of Charges and the Application for Statement of Charges were stamped with the District Court of Maryland seal, indicating that they were official court records.

or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Id.* at 1259-60 (citation omitted). However, the Court found no justification for extending the *Taylor* rule to allow consideration of "documents submitted to lower courts even prior to charges," such as the police reports and charge application there at issue. *Id.* at 1260. To do so, the Court reasoned, would undermine "the *Taylor* conclusion, that respect for congressional intent and avoidance of collateral trials require that evidence . . . be confined to records of the convicting court approaching the certainty of the record of conviction . . . ." *Id.* at 1261.

Simms contends that the Maryland application relied on by the district court in the present case "is equivalent to the Massachusetts complaint application that was at issue in *Shepard*" because, in each case, "the application consists of sworn statements by the complaining witness that provides the basis for the charging document." Br. of Appellant at 10 n.2. But this argument fails to account for the fact that the Maryland application, although originally "submitted to [the] lower court[ ] . . . prior to charges," *Shepard*, 125 S. Ct. at 1260, was later explicitly incorporated into Maryland's statement of charges against Simms. *Cf. Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) ("Although police reports and complaint applications, standing alone, may not be used to enhance a sentence following a criminal conviction, the contents of these documents may be considered if specifically incorporated into the guilty plea or admitted by a defendant." (citation omitted)). Simms maintains that Maryland's inclusion of this application as part of its charging document is merely a matter of labeling, and therefore not legally significant. *See United States v. Shepard*, 348 F.3d 308, 314 (1st Cir. 2003) (holding that whether charge application was formally incorporated as part of charging document affected only "the label given to the document" and thus did not affect whether court could consider it), *rev'd on other grounds*, 125 S. Ct. 1254 (2005). That is simply not the case, however. Maryland's incorporation of the application facts into the charging document served the purpose of satisfying Maryland's requirement that each of its charging documents contains "a concise and definite statement of the essential facts of the offense with which the defendant is charged." Md. Rule Crim. P. 4-202(a); *see Kirksey*, 138 F.3d at 126. The incorporated application thus advised Simms of "the nature of the

charges against [him] . . . with sufficient particularity . . . that a disposition may be pled to avoid double jeopardy." *Kirksey*, 138 F.3d at 126. The Massachusetts application considered by the Court in *Shepard* did not serve the same purposes.

The facts of Simms' application, having been expressly incorporated into Simms' charging document, were no less a part of that charging document in any relevant respect than they would have been had they been included by any other method. By contrast, the relevant facts of Shepard's Massachusetts application, not having been included in Shepard's charging document, were not a part of the charging document at all. Because *Taylor* and *Shepard* specifically allow district courts to consider charging documents in determining the nature of prior convictions, this distinction makes all the difference in the application of the *Taylor* rule. Thus, the district court properly considered the facts in the application here.[2]

Of course, from the fact that the court properly considered the application facts, it does not necessarily follow that those facts justified the "violent felony" finding. But in a case such as this one, in which the charging document unambiguously alleges a "violent felony," and the record provides no basis for a belief that the facts admitted by the defendant might not have constituted such a crime, we must affirm the violent felony determination. *See Coleman*, 158 F.3d at 203 & n.4 (affirming determination under such circumstances); *Kirksey*, 138 F.3d at 126 (same).

Simms maintains that this analysis is at odds with *Shepard* in that *Shepard* refused to allow consideration of police reports and the charge application indicating that the prior conviction was for a violent felony even though no other records were inconsistent with that conclusion. *See Shepard*, 125 S. Ct. at 1260-61. No such conflict exists, however. *Shepard* held that the fact that there was nothing in the record to contradict the proposition that the facts admitted by

---

[2]Simms also maintains that because the district court considered documents other than those sanctioned by the Court in *Shepard* and *Taylor*, his Sixth Amendment rights were violated. Because we hold that the district court did not violate the *Taylor-Shepard* rule, we need not decide whether the rule is of constitutional dimension.

Shepard were essentially those included in the police reports and the charge application was not sufficient to justify extending the *Taylor* rule to allow consideration of those documents. *See id.* But *Shepard* specifically allows reference to the charging document—into which the application facts here were incorporated. *See id.* at 1259. Because the weight to be given certain facts properly considered by the district court is beyond the scope of *Shepard*, *Shepard* does not call into question our prior decisions in *Coleman* and *Kirksey*; thus, these decisions are controlling, *see United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)).

## III.

In sum, because the district court did not err in determining, based on the charge application, that Simms' 1985 battery conviction was a qualifying predicate conviction, the court correctly imposed a sentence under the ACCA.

*AFFIRMED*