**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5259

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON BRYANT KEYS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-05-258)

Submitted:  September 29, 2006          Decided:  December 5, 2006

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher F. Cowan, COWANOWEN, P.C., Richmond, Virginia, for Appellant.  Reginald I. Lloyd, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Bryant Keys pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2006), and was sentenced as an armed career criminal to the mandatory minimum term of fifteen years imprisonment. Although Keys did not contest his status as an armed career criminal in the district court, he contends on appeal that the court committed reversible error in sentencing him as an armed career criminal because (1) it failed to find that his prior burglary conviction was a "generic burglary" that qualified as a violent felony; (2) the sentence violated his Sixth Amendment right under United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005); and (3) his two prior drug convictions should have been counted as one because they were part of a single criminal episode. We affirm.

Because Keys did not raise any of the issues presented here in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Mackins, 315 F.3d 399, 406 (4th Cir. 2003).

First, under § 924(e)(1), a defendant is an armed career criminal if he has three prior convictions for either a violent felony or a serious drug offense. The definition of a "violent felony" includes burglary. 18 U.S.C.A. § 924(e)(2)(B)(ii). In Taylor v. United States, 495 U.S. 575, 598-99 (1990), the Supreme

- 2 -

Court held that "burglary," for purposes of § 924(e), is limited to "generic" burglary, that is, the "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." When the issue is contested, and the district court must determine whether a prior conviction constitutes a violent felony, the court must "look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602 (quoted in United States v. Simms, 441 F.3d 313, 315 (4th Cir. 2006), cert. denied, 127 S. Ct. 233 (2006)). Taylor held that a court normally could look only to the fact of the conviction and the statutory definition, but because some states define burglary broadly, to include entry into boats and cars, Taylor held that the district court in such cases might examine the indictment or information and the jury instructions to determine whether the defendant was charged with entry of a building and the jury had to so find in order to convict. Shepard, 544 U.S. at 16-17.

Here, Keys correctly points out that South Carolina law defines a "building," for purposes of the burglary statutes, S.C. Code Ann. §§ 16-11-311 to 16-11-313 (2005), as "any structure, vehicle, watercraft, or aircraft." S.C. Code Ann. § 16-11-310(1). He argues that the court erred in failing to determine that his prior conviction for "burglary-building" qualified as a violent felony. However, his claim fails because Keys acknowledged at sentencing, through counsel, that he burglarized a building,

specifically, a restaurant.  Because he did not challenge his armed career criminal status, the district court did not plainly err on this ground in accepting the recommendation in the presentence report that Keys had the requisite predicate convictions.

With respect to the claimed Sixth Amendment error under Booker and Shepard, because Keys failed to contest his armed career criminal status, the district court made no findings concerning his prior convictions.  Therefore, the sentence does not violate the Sixth Amendment under Booker or Shepard, see United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005), and the district court did not plainly err on this ground in imposing an armed career criminal sentence.

Finally, under § 924(e)(1), the predicate offenses must have been "committed on occasions different from one another . . . ."  Keys was arrested for distributing crack in Greenville, South Carolina, on January 18, 1994.  He was released on bond and arrested again in Greenville for selling crack on February 17, 1994.  (JA-I at 70, 72; JA-II at 110-11).  This court has held that, for purposes of § 924(e), "offenses occur on occasions different from one another when each offense arose out of a separate and distinct criminal episode." United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (internal quotation omitted). Leeson sets out the following factors for the district court to

consider in determining whether two prior offenses arose out of a single criminal episode:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense."

Id. (citing United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir. 1995)).

Moreover, "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." Leeson, 453 F.3d at 640-41. In this case, the fifth factor is especially strong. A month elapsed between Keys' first drug offense and his second, giving him ample time to decide to commit the second offense. Therefore, we conclude that the district court did not plainly err in accepting the recommendation in the presentence report that the offenses were distinct, and not part of a single criminal episode.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED