**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4567**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LEROY ANTWAN JENKINS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:07-cr-00739-DCN-1)

Submitted:  February 19, 2009      Decided:  February 23, 2009

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Antwan Jenkins appeals from his convictions after pleading guilty and sentence imposed for possession with intent to distribute crack cocaine, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, there are no meritorious issues for appeal. Jenkins has not filed a pro se supplemental brief, and the Government declined to file a brief. Jenkins' Anders brief argues that the amended crack to powder cocaine ratio is unconstitutional. Jenkins' Anders brief also concludes that Jenkins' guilty plea was knowing and voluntary. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of the transcript of Jenkins' guilty plea hearing reveals that the district court fully complied with the requirements of Rule 11. Jenkins' plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find no plain error.

2

Jenkins' challenge to the constitutionality of 21 U.S.C. § 841 (2006) is without merit. This court has repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent that Jenkins seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006). Further, the 2007 amendments to the Sentencing Guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses. Jenkins' attempt to bolster his argument with the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), is misplaced because its holding that district courts may consider the crack/cocaine sentencing ratio as a possible basis for variance from the Guidelines is unrelated to the constitutionality of the sentencing disparity.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jenkins' convictions and sentence. This court requires that counsel inform Jenkins, in writing, of the

3

right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED