**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-5071**

—————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GEBRIAN RAYSHAWN GILLESPIE, a/k/a Gebrian Rayshawn Millspin,

                Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00023-WO-1)

—————

Submitted: June 10, 2009          Decided: July 2, 2009

—————

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gebrian Rayshawn Gillespie appeals from his conviction on a guilty plea and sentence imposed for distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006). His sole issue on appeal is that the crack to powder cocaine ratio is unconstitutional, a claim he raises for the first time on appeal.[*]

We find Gillespie's challenge to the constitutionality of § 841 to be without merit. As Gillespie acknowledges on appeal, this court has repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent Gillespie seeks to have us reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Nor do the 2007 amendments to the Sentencing Guidelines have any effect on the constitutionality or

---

[*] We review Gillespie's claim for plain error because he failed to raise it in the district court. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725 (1993).

2

applicability of the statutory mandatory minimum sentences for crack offenses. Gillespie's attempts to bolster his argument with the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), is misplaced because its holding that district courts may consider the crack/cocaine sentencing ratio as a possible basis for variance from the Guidelines is unrelated to the constitutionality of the sentencing disparity, and the Supreme Court in Kimbrough specifically held that "sentencing courts remain bound by the mandatory minimum sentences prescribed by statute." Id. at 573.

Accordingly, we affirm Gillespie's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED