<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4545**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RODERICK LAMART FORD,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:08-cr-00870-RBH-4)

Submitted: November 30, 2009    Decided: December 14, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis M. Hart, Washington, D.C., for Appellant. W. Walter Wilkins, United States Attorney, Columbia, South Carolina; Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Lamart Ford pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2006). The district court denied Ford's motion to withdraw his guilty plea and sentenced him to the statutory mandatory minimum sentence of 240 months. See 21 U.S.C.A. §§ 841(b)(1)(A), 851 (West Supp. 2009). On appeal, Ford contends that he should have been allowed to withdraw his plea on the ground that the mandatory minimum sentence of twenty years violates his equal protection and due process rights. Finding no reversible error, we affirm.

Ford asserts that the statutory sentencing disparity between crack and powder cocaine offenses is unconstitutional. Ford relies on the fact that courts are lowering, or even eliminating, the crack-to-powder-cocaine ratio in sentencing and argues that the statute also should treat the drugs the same so that there will be no disproportionate impact on African-American defendants. Because Ford does not argue on appeal that the district court abused its discretion in applying the factors set forth in United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009), when ruling on his motion to withdraw, we conclude that he has forfeited appellate review of the court's application of those factors. See Edwards v. City

2

of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued are deemed abandoned).

Ford's argument that the crack-to-powder-cocaine sentencing disparity is unconstitutional essentially is an attack on his sentence, not on his guilty plea. We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See, e.g., United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc). To the extent that Ford seeks to have us reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Furthermore, the 2007 amendments to the sentencing guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses. Although Ford refers to the Supreme Court's decisions in Spears v. United States, 129 S. Ct. 840 (2009), and Kimbrough v. United States, 552 U.S. 85 (2007), to bolster his equal protection argument, this reference is misplaced. In fact, the Supreme Court explicitly stated in Kimbrough that even after the 2007 amendments, "district courts are constrained by the mandatory minimum[] [sentences] Congress prescribed . . . ."

3

Id. at 108; see United States v. McClellon, 578 F.3d 846, 861 (8th Cir. 2009) (rejecting equal protection and due process challenge to § 841 and stating that "while there is proposed legislation in Congress that may remedy the problems in question, these actions remain mere proposals, and it is not the province of this court to anticipate and implement what may or may not occur in Congress").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED