**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4227**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE JERAMINE WALLACE, a/k/a Antoine Vermaine Wallace,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:08-cr-00201-RDB-1)

Submitted: December 16, 2009    Decided: January 11, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Jeramine Wallace appeals his conviction by a jury of one count of bank robbery in violation of 18 U.S.C. § 2113(a), (f) (2006), and his 216 month sentence of imprisonment. We affirm.

We review de novo the district court's denial of Wallace's motion for self-representation. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). To properly exercise the right to self-representation, the defendant's request must be: "(1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely." United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005). A defendant cannot use the right to self-representation as a means to delay the trial. Id. at 272.

On appeal, Wallace contends that his assertion of his right to self-representation was knowing, intelligent, and voluntary, claiming that, unlike the defendant in Bush, he was psychologically capable of making the decision to proceed without counsel, and was prepared to represent himself. We agree with the district court that Wallace's request for self-representation, made for the first time on the morning of trial, was neither clear and unequivocal nor timely. See Bush, 404 F.3d at 271. Thus, the district court did not err in denying Wallace's motion for self-representation.

2

Wallace next argues that the district court erred in considering the charging papers from the state district court to determine whether his previous conviction for assault in the state circuit court was a crime of violence as defined by U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2 (2007). He asserts that the district court charging papers for the assault offense are not approved documents under Shepard v. United States, 544 U.S. 13, 20-21 (2005). However, our review of the record convinces us that the district court correctly found the state circuit court proceeded on the district court charging documents. See Md. R. Crim. P. 4-201(b), (c)(3) (providing statement of charges constitutes charging document in district court; in circuit court, offense may be tried on charging document from district court); see also United States v. Kirksey, 138 F.3d 120, 126 (4th Cir. 1998) (holding that, under Maryland law, affidavit setting forth facts for probable cause, required by Md. R. Crim. P. 211(b), is part of charging papers). Therefore, those documents were properly considered in assessing whether Wallace's assault conviction was a crime of violence. See United States v. Simms, 441 F.3d 313, 316 (4th Cir. 2006) (holding that, under Shepard, Maryland application for statement of charges is properly considered part of charging document).

Thus, the district court did not err by considering the state district court charging papers.[*]

Wallace further contends that the facts that form the basis of his assault conviction do not necessarily indicate that the assault was a crime of violence. However, based on the facts presented in the charging document, one of the elements of Wallace's assault conviction involved the use, attempted use, or threatened use of physical force against the victim. USSG § 4B1.2. As a result, the district court properly determined that the previous assault conviction constituted a crime of violence and did not err in finding that Wallace was a career offender subject to an enhanced sentence.

Accordingly, we affirm Wallace's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Our recent decision in United States v. Harcum, __ F.3d __, 2009 WL 3834401 (4th Cir. Nov. 17, 2009) (No. 07-4890), does not alter this result. In Harcum, an information was issued for proceedings in the Maryland circuit court, and thus became the "charging document" for Shepard purposes. Therefore, the statement of charges used in the district court was not the charging document relevant to Harcum's circuit court conviction, and could not be consulted to determine whether the conviction constituted a violent felony under 18 U.S.C. § 924(e) (2006).

4