**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4635**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ANGELO ROSEMOND,

        Defendant - Appellant.

**No. 09-4782**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LENNY JOE ROSEMOND,

        Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:08-cr-00921-GRA-1; 6:08-cr-00921-GRA-2)

Submitted:  April 13, 2010          Decided:  May 21, 2010

Before TRAXLER, Chief Judge, DAVIS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina; Lora E. Collins, FEDERAL PUBLIC DEFENDERS OFFICE, Greenville, South Carolina, for Appellants. W. Walter Wilkins, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Angelo Rosemond pled guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006), and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced to sixty months in prison. Lenny Joe Rosemond pled guilty to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). He was sentenced to seventy-seven months in prison, the low end of his advisory Guidelines range. The Rosemonds now appeal their sentences on the drug charges. We affirm.

The Rosemonds argue that the statutory sentencing disparity between cocaine base and cocaine powder is unconstitutional. We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. <u>See, e.g.</u>, <u>United States v. Perkins</u>, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997); <u>United States v. Burgos</u>, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc). To the extent that the Rosemonds seek to have us reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. <u>United States v. Simms</u>, 441 F.3d 313, 318 (4th Cir. 2006). The Rosemonds' contention that our prior precedents are overruled by

3

*Kimbrough v. United States*, 552 U.S. 85 (2007), is incorrect. *Id.* at 107 (holding that sentencing courts are bound by the disparate statutory terms of imprisonment for powder cocaine and cocaine base, notwithstanding district court's discretion to depart from advisory Sentencing Guidelines ranges based on the disparity).

Accordingly, we affirm the district court's judgments as to both Michael Rosemond and Lenny Rosemond. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED