**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4619**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

TODD LAMEL MYERS,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-00746-TLW-3)

Submitted:  July 26, 2010          Decided:  August 17, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Chesser, Aiken, South Carolina, for Appellant.  Kevin F.
McDonald,  Acting  United  States  Attorney,  Columbia,  South
Carolina, A. Bradley Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Lamel Myers appeals his within-guidelines sentence following a guilty plea to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (2006). We affirm.

This court reviews within-guidelines sentences under a "deferential abuse-of discretion standard," and only reverses errors that are "significant." United States v. Mendoza-Mendoza, 597 F.3d 212, 219 (4th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 51-52 (2007)). This standard of review applies to alleged Rita* errors with the same force that it applies to "all other[]" perceived errors. Id. Moreover, this court applies a presumption of reasonableness to within-guidelines sentences. E.g., United States v. Go, 571 F.3d 216, 218 (4th Cir. 2008).

District courts do not, however, apply the same presumption of reasonableness to the sentencing guidelines. Mendoza-Mendoza, 597 F.3d at 216-17 (citations omitted). Instead, they must make an "individualized assessment" for each defendant. Id. (Significantly less explanation is required for a within-guidelines sentence than for one outside the advisory range). Myers alleges that the district court committed a procedural Rita error by applying an "implicit" or "de facto"

---

* See Rita v. United States, 551 U.S. 338, 351 (2007).

2

presumption in favor of a guideline sentence. In support of his argument, he cites to the district court's statement that the advisory guidelines "provide a reasonable basis" for imposing a sentence.

This court addressed in Mendoza-Mendoza the appropriate touchstone for evaluating the sort of "Rita presumption" that Myers asserts occurred here. 597 F.3d at 216-20. In that case, we stated that "[i]f the sentencing court did what it was supposed to do – hearing out both sides and making an individualized assessment in light of § 3553(a) – then it should be protected from claims of having applied a Rita presumption." Id. at 218. Here, Myers has not argued that he was denied an opportunity to be heard or that the court failed to individually assess him at sentencing. Accord Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (failure to specifically raise an issue in an opening brief results in abandonment of that issue).

Moreover, after independently reviewing the record, it is clear that the district court: (1) paid attention to Myers' arguments; (2) was familiar with the cases counsel cited, including Rita; (3) considered itself to be the ultimate authority in deciding Myers' sentence; (4) considered the § 3553(a) factors to be of the utmost importance in deciding Myers' sentence; and (5) considered the advisory guidelines to

3

be secondary factors. Further, when confronted with additional arguments why Myers should be sentenced to a below-guidelines sentence (i.e., his criminal history was relatively "minor," and a long sentence would devastate his family), the district court responded directly to each claim and adequately addressed them.

We conclude that the record, taken as a whole, indicates that the district court sentenced Myers to a within-guidelines sentence as a matter of judgment, not because it believed it was required to do so or because it believed the guidelines were presumptively correct. Myers has thus failed to show a procedural Rita error. Compare Mendoza-Mendoza, 597 F.3d at 219-20 (vacating sentence where district court stated that it "did not agree" with the guidelines, and that it was "obligated" to sentence defendant within them unless it could find a compelling reason to divert from them).

Myers' argument that his "crack" sentence is substantively unreasonable is likewise without merit. In his brief, Myers argues simply that "any sentence treating crack [cocaine] more punitively than powder [cocaine]" is inherently unreasonable and unfair. He states that any crack sentence "based on a ratio other than 1 to 1," vis a vis powder cocaine is substantively unreasonable. However, Myers has not cited any case or authority that accepts his policy-driven arguments.

This court has repeatedly rejected claims, such as those made by Myers, that the sentencing disparity between powder cocaine and crack offenses violates either the Equal Protection Clause or a defendant's due process rights. See, e.g., United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc). To the extent that Myers seeks to have us reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. See United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006). Moreover, Kimbrough v. United States, the case upon which Myers primarily relies, did not overturn these precedents. See 552 U.S. 85, 107 (2007) (sentencing courts are bound by the disparate statutory terms of imprisonment for powder cocaine and cocaine base, notwithstanding district court's discretion to depart from advisory Sentencing Guidelines ranges based on the disparity).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED