**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5159**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ARTHUR LEE BUTLER, JR.,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:09-cr-00282-GRA-2)

_____

Submitted:  August 19, 2010          Decided:  August 26, 2010

_____

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Kevin F. McDonald, Acting United
States Attorney, E. Jean Howard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Lee Butler, Jr., pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). He was sentenced to the statutory mandatory minimum of 120 months in prison. He now appeals, arguing that the application of the crack-to-powder cocaine sentencing disparity in his statute of conviction violated his right to equal protection. Finding no reversible error, we affirm.

The constitutionality of a federal statute is a question of law that is reviewed de novo. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates a defendant's right to equal protection. See United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent that Butler seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Furthermore, although Butler refers to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), to bolster his equal protection argument, this reference

is misplaced.  In Kimbrough, the Court held that district courts may consider the crack-to-powder-cocaine sentencing ratio as a possible basis for variance from the Guidelines.  However, this holding is unrelated to the constitutionality of the sentencing disparity in the statute.  In fact, the Supreme Court explicitly stated in Kimbrough that "district courts are constrained by the mandatory minimum[] [sentences] Congress prescribed . . . ."  Id. at 108.

Accordingly, we affirm Butler's sentence.  We dispense with oral argument because the facts and legal are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED