<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2325**

BERNARD J. CARL,

        Plaintiff - Appellant,

    v.

BERNARDJCARL.COM; FABRICE MARCHISIO; COTTY VIVANT MARCHISIO
& LAUZERAL,

        Defendants – Appellees,

    and

NS HOLDING, INC., f/k/a Network Solutions, Incorporated;
JOHN DOE #1; JOHN DOE #2,

        Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:07-cv-01128-TSE-TRJ)

Submitted:  October 21, 2010      Decided:  December 3, 2010

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Bernard J. Carl, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard J. Carl brought suit in the district court against French law firm Cotty Vivant Marchisio & Lauzeral ("CVM&L") and one of its partners, Fabrice Marchisio. In the district court, Carl alleged that Marchisio and CVM&L purchased the domain name "bernardjcarl.com" and posed a defamatory message under a false identity claiming that Carl owed them money for services performed as a subcontractor for a law firm hired by Carl to assist with the acquisition of a French luxury brand. Carl brought claims under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d)(1), (2) (2006), the Lanham Act, federal anti-cyberpiracy law, 15 U.S.C.A. § 8131 (2010), and Virginia state law trademark and libel. The Defendants did not file responsive pleadings, and Carl moved for default judgment.

The district court dismissed all of Carl's federal claims as well as his state law trademark claim. The court found Marchisio and CVM&L liable on Carl's defamation claim and awarded $10,000 in compensatory damages, but also found that Carl had not established that Marchisio and CVM&L had acted with "actual malice," and therefore denied his request for punitive damages. The court also declined to award Carl costs and attorney's fees. Carl appeals. For the reasons that follow, we

3

affirm in part, vacate in part, and remand for further proceedings.

Carl's first claim on appeal is that the district court misinterpreted 15 U.S.C.A. § 8131, the federal anti-cyberpiracy law. The statute provides:

> Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.

15 U.S.C.A. § 8131(1)(A).

The district court determined that Carl had not shown that Marchisio or CVM&L had the intent to profit by selling the domain name back to Carl or to a third party. We have reviewed the record, and we agree. The statute's language is specific, and while the defendants may have been attempting to profit, they did not do so in the means specified in the statute.

Carl next concedes that the district court was correct to dismiss his Lanham Act and state law trademark claims because this court has rejected the "initial interest confusion" doctrine in trademark cases. See Lamparello v. Fallwell, 430 F.3d 309, 316 (4th Cir. 2005). He argues, though, that we should revisit that decision. The merits of this request aside, a panel of this court cannot overrule the decision of a prior

4

panel.   United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Carl next argues that the district court erred in determining that Marchisio and CVM&L did not act with actual malice and therefore could not be subject to punitive damages for defamation.   When reviewing a trial court's decision to award punitive damages, a reviewing court "must examine the facts pertinent to the punitive-damage award and exercise independent judgment to determine whether the record establishes actual malice with convincing clarity."   Williams v. Garraghty, 455 S.E.2d 209, 217 (Va. 1995) (internal citations and quotations omitted).   Conversely, a trial court's decision not to award damages is also reviewed independently.   In order to receive punitive damages in a defamation case under Virginia law, the plaintiff must prove "actual malice by clear and convincing evidence that the defendant either knew the statements were false at the time he made them, or that he made them with a reckless disregard for their truth."   Government Micro Resources, Inc. v. Jackson, 624 S.E.2d 63, 70 (Va. 2006) (internal citations omitted).

Our review of the record persuades us that Carl has made a sufficient showing of actual malice to support an award of punitive damages.   The evidence demonstrates that Marchisio and CVM&L at least acted recklessly when they made libelous

statements concerning a purported debt owed by Carl. We find particularly compelling the fact that the Defendants in this matter were attorneys who knew they never contracted with Carl, that they represented to Carl's former counsel a desire to avenge an insult, and that they went to great lengths to conceal their identities. Because the Defendants' reckless disregard for truth is sufficient to establish malice, the district court improperly concluded that it could not award punitive damages. However, whether to award punitive damages, and the amount of any such award, are matters within the district court's discretion. See Hamilton Dev. Co. v. Broad Rock Club, Inc., 445 S.E.2d 140, 144 (Va. 1994). Thus, we vacate the district court's denial of punitive damages and remand for further proceedings on this issue.[1]

Finally, Carl argues on appeal that the district court erred by failing to award attorney's fees and costs.[2] The general rule under Virginia law is that attorney's fees and costs may not be recovered by a prevailing litigant as an item

---

[1] To be clear, although we disagree with the district court's finding that actual malice was not established, we express no opinion about whether the district court should award punitive damages, or the amount of any such award.

[2] Carl sought to recover the costs of investigating and prosecuting his civil case, rather than the recoverable costs enumerated in 28 U.S.C. § 1920 (2006).

of damages.  State Farm Fire and Cas. Co. v. Scott, 372 S.E.2d 383, 386 (Va. 1988).  We find no reason to deviate from that general rule here.

We therefore affirm the district court's judgment with respect to Carl's cyberpiracy claim, his trademark claims, and the court's decision not to award attorney's fees and costs.  We vacate the district court's finding of no actual malice, and remand for further proceedings on that claim.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED