**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4063**

———————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

BOBBY RAY HUNT,

 Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (7:09-cr-00034-FL-1)

———————

Submitted: November 17, 2010          Decided: December 8, 2010

———————

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Rudy E. Renfer, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Hunt pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court found that Hunt qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2006), and sentenced Hunt to the statutory mandatory minimum term of imprisonment of 180 months. Hunt appeals, challenging the finding that he is an armed career criminal. Finding no error, we affirm.

Hunt first argues that the district court erred in finding that he was an armed career criminal based on his prior North Carolina convictions for possession with intent to deliver and delivery of controlled substances. Hunt correctly concedes, however, that his argument is foreclosed by our recent decision in United States v. McNeill, 598 F.3d 161 (4th Cir. 2010), petition for cert. filed (U.S. July 2, 2010) (No. 10-5258), and we may not overrule this court's binding precedent. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks and citation omitted)). Therefore, this claim fails.

Hunt next argues that the district court violated his Fifth and Sixth Amendment rights by sentencing him above the otherwise-applicable statutory maximum based on his prior convictions. Again, Hunt correctly concedes that his argument is foreclosed by binding Supreme Court precedent. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); see also United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005) ("[T]he Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."). Therefore, this claim also fails.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED