<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4949**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

PHILIP JOE GUYETT, JR.,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:09-cr-00040-BR-1)

_____

Submitted:  February 8, 2011      Decided:  March 18, 2011

_____

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Joe Guyett, Jr., pleaded guilty to three counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2010). The district court sentenced Guyett to ninety-six months of imprisonment and he now appeals. Finding no error, we affirm.

Guyett argues that the sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51).

Guyett first argues that the district court erred in failing to consider departures under the sentencing guidelines before imposing a variant sentence, relying on our decision in

2

*United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). Guyett's argument is foreclosed, however, by our recent decision in *United States v. Diosdado-Star*, 2011 WL 198658, *3-*6 (4th Cir. Jan. 24, 2011), in which we recognized that *Moreland* had been overruled by the Supreme Court's decisions in *Gall* and *Rita v. United States*, 551 U.S. 338 (2007). As we may not overrule this court's binding precedent, *United States v. Simms*, 441 F.3d 313, 318 (4th Cir. 2006) ("[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court" (internal quotation omitted)), this claim fails.

Guyett next argues that the sentence is substantively unreasonable. We have thoroughly reviewed the record, however, and reject this contention. *See* *United States v. Abu Ali*, 528 F.3d 210, 271 (4th Cir. 2008) (even if appellate court concludes that a different sentence might be appropriate, that is insufficient to justify reversal of the district court).

Accordingly, because Guyett's sentence is both procedurally and substantially reasonable, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid in the decisional process.

AFFIRMED