**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4734**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

PAUL C. MARLOWE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00406-REP-1)

Submitted: May 3, 2011            Decided: May 19, 2011

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Nia A. Vidal, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Thomas K. Johnstone, IV, Samuel E. Fishel, IV, Special Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul C. Marlowe pleaded guilty to two counts of transporting child pornography in interstate commerce, in violation of 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2010). The district court sentenced Marlowe to 210 months of imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Marlowe argues that the district court erred in making factual findings supporting an enhancement under the sentencing Guidelines. Specifically, Marlowe argues that the application of the preponderance of the evidence standard violated his Fifth Amendment right to due process. However, Marlowe's argument is foreclosed by our decision in United States v. Grubbs, 585 F.3d 793 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010), in which this court held that the preponderance of the evidence standard is the appropriate standard of proof for sentencing purposes. Id. at 799-803 ("[T]he post-[United States v. Booker, 543 U.S. 220 (2005)] advisory nature of the Guidelines eliminates any due process argument for a heightened standard of proof at sentencing.") (citation omitted). As we may not overrule this court's binding precedent, United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006) ("[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a

2

superseding contrary decision of the Supreme Court" (internal quotation omitted)), this claim fails.

Marlowe also argues that, under any standard of proof, there was insufficient reliable evidence to support the district court's factual findings for the enhancement. In reviewing the district court's calculations under the Guidelines, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

The sentencing Guidelines provide for a five level enhancement if a defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. See U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(5) (2010). A "pattern of activity involving the sexual abuse or exploitation of a minor" is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG § 2G2.2(b)(5) comment. n.1. The sentencing

3

Guidelines then define sexual abuse or exploitation as conduct falling within various enumerated sections of the United States Code or an offense under state law that would constitute an offense under the specifically enumerated sections. Id. We have thoroughly reviewed the record and conclude that the district court's application of this enhancement was not clearly erroneous.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED