<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4925**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID L. HOWARD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00271-RJC-2)

Submitted: November 4, 2010          Decided: December 2, 2010

Before TRAXLER, Chief Judge, and KING and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Peter S. Adolf, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David L. Howard appeals his conviction and life sentence for one count of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (2006), ten counts of interstate wire transfer of funds in aid of racketeering enterprises in violation of 18 U.S.C. §§ 1952(a), 2 (2006), one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2006), one count of conspiracy to possess with intent to distribute cocaine base and using a person under eighteen years of age in furtherance thereof in violation of 21 U.S.C. §§ 846, 841, 861 (2006), and two counts of possession with intent to distribute cocaine base and aiding and abetting the same in violation of 21 U.S.C. § 841, 18 U.S.C. § 2. We affirm.

Howard was convicted of the offenses in 2006. Upon consideration of the issues raised in his initial appeal, we affirmed his convictions but vacated his sentence after concluding that the district court improperly imposed an enhancement to his offense level for being a leader of the money laundering conspiracy. At resentencing, the district court again imposed a life sentence. Howard now argues that the district court (1) erred in imposing a sentence enhancement based on acquitted conduct and (2) imposed a substantively unreasonable sentence. We do not agree with either contention.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. <u>Id.</u> First, the court must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. <u>Id.</u> at 49-50; <u>see</u> <u>United States v. Lynn</u>, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" <u>United States v. Engle</u>, 592 F.3d 495, 500 (4th Cir. 2010) (quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007)), <u>cert. denied</u>, ___U.S.___, 2010 WL 23245029 (October 4, 2010).

I.   Firearms Enhancement

Howard was indicted for use of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c), 2 (2006) and one count of possession of a

firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2006). The jury acquitted him of both counts, but at sentencing, his offense level was enhanced two levels pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2009). On appeal, he argues that his Sixth Amendment rights were violated by enhancing his sentence based on facts that were not found beyond a reasonable doubt by a jury. The merits of his claim aside, we have previously considered and rejected this argument. See United States v. Perry, 560 F.3d 654 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). A panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

## II. Substantive Reasonableness

Howard next claims that the district court erred in failing to award a variance in light of the disparity between powder cocaine and "crack" cocaine sentences.

Even if the sentence is procedurally reasonable, the court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Moreover, this court applies a presumption of

4

reasonableness to within-guidelines sentences. See, e.g., United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We have reviewed the record and we conclude that the district court was aware that it could impose a variance, but conscientiously declined to do so. Howard argues that such a variance was required in light of the crack/powder cocaine sentencing disparity, but we do not agree. We conclude that Howard has failed to rebut the presumption of reasonableness accorded to his within-guidelines sentence.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED